UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

EDWIN TORRES AND NAOMI CRUZ,
his wife,

    Plaintiffs,

vs.

THE UNITED STATES OF AMERICA,

    Defendant.
_____/

## COMPLAINT

**COME NOW,** the Plaintiffs, **EDWIN TORRES** (hereinafter referred to as "**TORRES**") and **NAOMI CRUZ**, (hereinafter referred to as "**CRUZ**"), his wife, by and through their undersigned counsel, and sue Defendant, **THE UNITED STATES OF AMERICA** (hereinafter referred to as "**USA**"), and as grounds thereof alleges as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest and attorney's fees and is otherwise within the jurisdictional limits of this court.

2. The Court has exclusive jurisdiction of this action against the Defendant, **USA,** pursuant to the Federal Tort Claims Act, 28 USC Sec.1346 (b).

3. At all times material hereto, the Plaintiff, **TORRES**, was a resident of Kissimmee, Osceola County, Florida.

4. At all times material hereto, the Plaintiff, **CRUZ**, was a resident of Kissimmee,

Osceola County, Florida.

5. At all times material herein, Plaintiff, **TORRES**, and Plaintiff, **CRUZ**, were husband and wife and resided as such in Osceola County, Florida.

6. At all times material hereto, UNITED STATES CUSTOMS AND BORDER PROTECTION was a division and/or component of the UNITED STATES DEPARTMENT OF HOMELAND SECURITY.

7. Defendant, **USA**, through its agency and/or instrumentality, UNITED STATES CUSTOMS AND BORDER PROTECTION (hereinafter referred to as "USCBP"), employed personnel at the Miami International Airport, particularly herein, James English Moyer.

8. At all times material hereto, James English Moyer was an employee of Defendant, **USA**, acting within the scope of his office or employment.

9. Venue is proper in the Southern District of Florida under 28 U.S.C. §§ 89(c),1391(e) and 1402(b) because a substantial part of the acts and/or omissions giving rise to the Plaintiff's claim occurred in the mid field tunnel at the Miami International Airport in Miami-Dade County, Florida.

10. On January 1, 2010, Plaintiff timely presented his administrative claim for damages to United States Customs and Border Protection pursuant to the provisions of 28 U.S.C. § 2675. United States Customs and Border Protection finally denied said claim in correspondence to the undersigned counsel dated August 19, 2011.

11. As set forth in said administrative claim, on October 21, 2009, Plaintiff, **TORRES**, was a passenger in a 1999 Ford commercial cargo light truck, owned by American Airlines, Inc. and being driven by Rafael Lugo, traveling southbound in the mid field tunnel at Miami International Airport.

12. On October 21, 2009, a 1999 Ford automobile owned by Defendant, **USA**, through its agency and/or instrumentality, USCBP, and being driven by James English Moyer, was traveling northbound in the mid field tunnel at Miami International Airport.

13. Then and there, James English Moyer lost control of the 1999 Ford automobile, crossed the center line of the road and collided head on with the 1999 Ford cargo truck wherein Plaintiff, **TORRES**, was a passenger.

14. On October 21, 2009, Defendant, **USA**, through its officers, employees, and agents at the USCBP, particularly herein, James English Moyer, acted in the following careless and negligent manner:

    (a) failed to drive the vehicle in careful and prudent manner;

    (b) failed to pay close attention to road conditions present in the mid field tunnel;

    (c) failed to maintain a proper distance from other vehicles traveling in the mid field tunnel, particularly herein, the vehicle wherein Plaintiff was a passenger;

    (d) failed to maintain control of the vehicle;

    (e) failed to drive at a speed which was safe given road conditions present in the mid field tunnel;

    (f) collided head on with the vehicle wherein Plaintiff was a passenger.

15. As a direct and proximate result of Defendant, **USA's**, negligence, Plaintiff, **TORRES**, suffered serious permanent injuries and underwent extensive medical, surgical and rehabilitative care in the past and, within a reasonable degree of medical probability, will require extensive medical, surgical and rehabilitative care in the future.

16. As a further and direct proximate result of Defendant, **USA's**, negligence, Plaintiff,

**TORRES**, has lost income in the past and within a reasonable degree of medical probability will experience a loss of his future earning capacity, much to his economic detriment.

17. As a further and direct proximate result of Defendant, **USA's**, negligence, Plaintiff, **TORRES**, has suffered in the past and will within a reasonable degree of medical probability suffer in the future from pain, mental anguish and loss of capacity for the enjoyment of life.

18. The crash, damages and losses sustained by Plaintiff were caused by the careless, negligent and/or wrongful acts or omissions of Defendant, **USA**, through its agency and/or instrumentality, the USCBP.

19. As a direct and proximate result of the crash, Plaintiff, **TORRES**, brings this action under the Federal Tort Claims Act and/or whatever law this Court deems appropriate.

**WHEREFORE**, the Plaintiff, **EDWIN TORRES**, demands judgment against Defendant, **THE UNITED STATES OF AMERICA**, for damages in an amount in excess of $75,000.00, together with the costs of suit, and such further relief as this Court deems just and proper.

### COUNT I – LOSS OF CONSORTIUM

20. Plaintiff, **CRUZ**, reavers and realleges paragraphs 1 – 19 as though fully set forth herein.

21. Plaintiff, **CRUZ**, as a further direct and proximate result of the negligence of Defendant, **USA**, has suffered the loss of her husband's society, companionship, services and consortium and within a reasonable degree of medical probability, will continue to suffer said losses in the future.

**WHEREFORE**, the Plaintiff, **NAOMI CRUZ**, demands judgment against Defendant, **THE UNITED STATES OF AMERICA**, for damages in an amount in excess of $75,000.00, together with the costs of suit, and such further relief as this Court deems just and proper.

Case 1:11-cv-23711-MGC   Document 1   Entered on FLSD Docket 10/13/2011   Page 5 of 5

Dated this 13th day of October, 2011.

Respectfully submitted,

**MONTERO LAW CENTER**
Attorneys for Plaintiff
100 SE 6th Street
Ft. Lauderdale, Florida 33301
Tel: (954) 767-6500
Facsimile: (954) 766-2690

BY: _____
HYRAM M. MONTERO, P.A.
Fla. Bar No. 339660
montero@lexcenter.com